UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-5002-SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JIELUN ZHANG,

        Defendant.

_____

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on January 10, 2020, a hearing was held to determine whether Defendant, **Jielun Zhang** should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and/or the safety of any other person and the community.  Therefore, it is hereby ordered that Defendant, **Jielun Zhang** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.  The Defendant is charged with entering a military property for the purpose of photographing defense installations, in violation of 18 U.S.C. §§ 795 and 1382. 18 U.S.C. § 3142(g)(1).

2.  The weight of the evidence against the Defendant is substantial.  Government witnesses will testify that on January 4, 2020, the Defendant and his Co-Defendant approached the guard station at Sigsbee Annex, Naval Air Station, Key West, Florida in a Hyundai vehicle.  At the guard station, they spoke to a Navy Security Master at Arms (MA) who was posted at the entrance

gate.  The MA asked the Defendants to produce military identification, which they did not have.  The MA instructed the men to make a U-turn and exit the property.  Instead, they drove forward and continued onto Sigsbee Annex, which had posted signs indicating that it was Navy property.  Since the MA could not leave her post, she radioed Navy Security personnel to locate the Hyundai.

It took Navy Security officers approximately 30 minutes to locate the vehicle.  The officers ascertained that between them the Defendants had two cellular telephones and a Nikon camera.  After obtaining consent to search these devices, the officers ascertained that they contained several photographs which had been taken on Sigsbee Annex property, including military structures on Fleming Key.  After being advised of his rights, the Defendant admitted that he and the Co-Defendant had been instructed to make a U-turn and leave the premises, but instead they continued onto the property and took photographs.  18 U.S.C. § 3142(g)(2).

3.  The pertinent history and characteristics of the Defendant are that he is a citizen of China and currently enrolled as a student at the University of Michigan.  He has no ties to the United States and an immigration detainer has been lodged against him.  The Defendant has no incentive to appear for trial and clearly constitutes a risk of flight.  18 U.S.C. § 3142(g)(3)(A) and (B).

4.  The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and/or the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a serious risk of flight if released prior to trial.  The Court hereby directs:

(a)  That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Key West, Florida, this 15th day of January, 2020.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Karen Gilbert (MIA)
AUSA Jonathan Kobrinski (MIA)
Hector  Flores, Esq. (CJA)

U.S. Probation Office (KW)

3