UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CR-10005-MOORE/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| YUHAO WANG and | ) |
| JIELUN ZHANG, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____/ | |

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.  1.  Audio recordings of statements by the Defendant (bates numbers 120-121) are available for pickup at the U.S. Attorney's Office, located at 99 NE 4th St, 8th floor reception, Miami, FL 33132.

2.  That portion of the written record containing the substance of any oral statements made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent has been provided by separate electronic mailing to the Defense (bates numbers 1-9 for WANG; bates numbers 10-20 for ZHANG).

3.  The Defendants did not testify before the Grand Jury.

4.  Criminal history of either Defendant, if any, will be provided upon receipt by the Government.

5.  All discovery that has been provided and will be provided is subject to the agreed-to protective order [DE 30 is the Motion for the Protective Order, outlining those discovery procedures to which the Defendant has agreed to be bound].

Some of the papers, documents, photographs, tangible objects, and videos that the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, have been provided by separate mailing to the defense to the extent practicable. This includes a PDF of bates numbers 1-119

by electronic mail dated January 31, 2020.

Other items, including higher quality versions of the photographs, and additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The Defendants' cellular telephone and camera were seized by law enforcement and were searched pursuant to a federal search warrant. The contents of the cell phone and camera are not provided in the discovery production but are hereby made available for inspection and review. The cell phone and camera contain evidence that will be introduced at the trial of this matter. Please contact the undersigned AUSA to set up a date and time that is convenient to both parties.

The government is available for a pretrial discovery conference as required by the Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email and telephonic conversation (including the agreement for a protective order and the need to review certain video and photographic images at the U.S. Attorney's Office), should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

6.  Any results or reports of physical examinations in connection with this case will be made available to the defendant upon their completion.

7.  There has been no demand for expert discovery in this case. The United States will make an appropriate production if and when a demand is made, and will also request reciprocal expert discovery.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1 and 2 of Section b of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

2

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      The Defendant was not identified in any line-up, show-up, or similar procedure.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.      No controlled substance is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of either defendant.

N.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The following is the discovery that has been made available to the defense for pickup at the U.S. Attorney's Office, located at 99 NE 4th St, 8th floor reception, Miami, FL 33132:

| Production # | Summary of Contents |
|---|---|
| Bates 1-119 (PDF) | Reports, photographs, business records from Avis, Holiday Inn, Spirit, etc. (sent by email 1/31/2020); |
| Bates 120 (dvd) | Defendants' jail calls, photos from search of hotel; |

3

Bates 121 (dvd)        Defendants' jail calls- Body worn camera footage and audio of a 911 call

Other materials – duplicates of which have not been provided to the defense counsel – are available for review at the U.S. Attorney's Office. These include a hard drive with the camera and cellular phone evidence.

> Respectfully submitted,
> ARIANA FAJARDO ORSHAN
> UNITED STATES ATTORNEY
>
> By:    /s/Jonathan Kobrinski
> JONATHAN KOBRINSKI
> Assistant United States Attorney
> Court ID No. A5501893

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Court using CM/ECF and the attachments were emailed or made available for pickup at the U.S. Attorney's Office, located at 99 NE 4th St, 8th floor reception, Miami, FL 33132 this 31st day of January 2020, to counsel for the Defendant.

> /s/Jonathan Kobrinski
> JONATHAN KOBRINSKI
> Assistant United States Attorney