UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-10005-MOORE

UNITED STATES OF AMERICA,

   Plaintiff,

v.

YUHAO WANG,

   Defendant.

            /

## DEFENDANT'S MOTION TO VACATE TRIAL SETTING AND CONTINUE CASE

Yuhao Wang, through undersigned counsel, and pursuant to 18 U.S.C. § 3161(h)(7)(B), respectfully requests this Court vacate the current calendar call set for February 27, 2020 and the trial scheduled for March 3, 2020, and continue this case for at least 30 days. [D.E. 28].

### Introduction

Defense counsel needs additional time to (1) review the extensive discovery and the final batch of discovery the government will provide within a week, and (2) determine the possible immigration consequences of a finding of guilt. Finally, the government and defense counsel are engaged in good faith plea negotiations that both parties believe could benefit from the granting of the requested continuance.

1

**The need to fully review the current and pending discovery.**

Yuhao Wang was arrested in Key West, Florida, along with his co-defendant and roommate—Jielun Zhang—on January 4, 2020. Since then, he has been incarcerated at the Monroe County Detention Center. He is charged in a seven-count Indictment with violations of 18 U.S.C. § 795, photographing and sketching defense installations—Counts 1-6, and with violating 18 U.S.C. § 1382, entering Naval property without permission—Count 7. [D.E. 22].

Mr. Wang was arraigned on January 21, 2020, and the first batch of discovery—consisting of law enforcement reports and photographs—was provided to defense counsel on January 31, 2020. On February 4, 2020, the government provided additional discovery—consisting of body camera footage and recordings of phone calls made at the Monroe County Detention Center. On February 13, 2020, the government provided defense counsel with a third batch of discovery—consisting of forensic extractions of two cellular phones, a tablet, an external hard drive, and a USB drive. [D.E. 25 and 31].

The government has also advised defense counsel that it will provide defense counsel a final batch of discovery within a week—a forensic extraction of the Nokia camera used to take the photographs referenced in Counts 1-6 of the Indictment.

**The need to accurately determine the possible immigration consequences of a finding of guilt.**

The unique nature of Mr. Wang's immigration status further complicates this case. He is a 24-year-old Chinese native—present on an F-1 Student Visa—and currently enrolled as a Master's candidate at the University of Michigan College of Engineering. In August of 2018, he earned his bachelor's degree in Electrical Engineering from Xi'an Jiaotong-Liverpool University. In hopes of advancing his education he applied to, and was accepted into, multiple master's programs at American universities—the University of Southern California, Northwestern University, and the University of Michigan. He ultimately chose the University of Michigan and arrived in Ann Arbor in the fall of 2018. He is currently one credit short of earning his degree.

Defense counsel is in regular communication with Mr. Wang's parents in China and has discussed this case with various immigration advocacy organizations throughout the country. These organizations have confirmed that Mr. Wang's unique situation requires the attention of a specialized immigration attorney. To that end, Mr. Wang's parents are in the process of retaining such an attorney. Due to the time difference and language barrier, the process has taken longer than previously hoped. Given defense counsel's duty to properly and effectively advice Mr. Wang of the possible immigration consequences of a guilty plea, the retention of an immigration attorney in this matter is vital. *Padilla v. Kentucky*, 559 U.S. 356, (2010).

**The government and defense counsel are engaged in good faith plea negotiations**

From the beginning, Mr. Wang has cooperated with the government's investigation of this case. He has explained that he and his roommate, Jielun Zhang, were in Florida as part of a pre-planned Christmas break trip that began on December 30, 2019. They had visited amusement parks and museums in Orlando, Everglades National Park in Homestead, and were scheduled to return to school in Ann Arbor, Michigan, on January 7, 2020. Their day trip to Key West, on January 4, however, turned a routine vacation into a nightmare.

They arrived in Key West in the dawn hours of January 4, 2020, and drove to Smathers Beach—a Key West tourist staple—to watch the sunrise. They then went for breakfast at the McDonald's restaurant located on North Roosevelt Boulevard. As they ate their breakfast, they used their phones to find other possible sightseeing locations in Key West. A small island—that appeared to be home to a campground, a school, and a baseball field—was less than a mile away. They decided to check it out. When they approached the guard station at the entrance of Sigsbee Annex, they were asked to provide proper identification. They provided their civilian IDs and were given instructions on what to do next. Their limited English speaking abilities led them to misunderstand the instructions, and instead of making a U-turn, the pair proceeded on to the Key. They drove to the campground on the north end of the island, parked their car next to dozens of RVs, and began to walk along

4

the beach. They snapped a few pictures of the shoreline and the sunrise and after a few minutes returned to their car and began to drive back toward the entrance. On their way out, however, they were pulled over by Naval Security Forces. They answered all questions posed to them and subsequently gave agents from the Federal Bureau of Investigations access to their electronic devices. Still, they were arrested, and have been trying to explain this misunderstanding ever since.

The outpouring of support from family, friends, classmates, and professors and advisors has been constant. Much of this has been provided to the government and is currently under their review. Mr. Wang, and defense counsel, are hopeful that they will come to a fair and positive resolution with the government—thus the additional time requested is necessary.

Importantly, Assistant U.S. Attorney Jonathan Kobrinski—who represents the government in this case—has expressed to defense counsel that he does not object to the requested continuance.

**WHEREFORE,** because Mr. Wang and his counsel need sufficient time to review the voluminous discovery, adequately understand the possible immigration consequences of a finding of guilt, and finalize plea negotiations with the government, he respectfully requests this Court vacate the current calendar call set for February 27, 2020 and the trial scheduled for March 3, 2020, and continue this case for at least 30 days.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:    s/*Juan J. Michelen*
Juan J. Michelen
Assistant Federal Public Defender
Florida Bar No. 92901
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301-1842
Tel: 954-356-7436
E-Mail: Juan_Michelen@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Juan J. Michelen*
Juan J. Michelen

6