UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-10005-CR-KMM/LSS

UNITED STATES OF AMERICA

vs.

JIELUN ZHANG,

Defendant.

_____/

## DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

JIELUN ZHANG, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Jielun Zhang.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated _6/4/20_. I am the person identified in that document.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated _6/4/20_. I hereby waive my right, pursuant to INA Section 238(c)(2)(B), 8 United States Code, Section 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

**Voluntary Waiver of Rights**

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney Hector Flores, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in INA Section 238(c)(2), 8 United States Code, Section 1228(c)(2),

and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated judicial removal order. I understand and knowingly waive the right to a hearing before an immigration judge or any other authority under the INA on the question of my removability from the United States. I further understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to:

Section 237(a)(1)(C)(i) of the INA, as amended, 8 United States Code, Section 1227(a)(1)(C)(i), as amended, in that after admission as a nonimmigrant under INA Section 101(a)(15), 8 United States Code, Section 1101(a)(15), you failed to maintain or comply with the conditions of the nonimmigrant status under which you were admitted; and,

Section 237(a)(4)(A)(i) of the INA, as amended, 8 United States Code, Section 1227(a)(4)(A)(i), as amended, in that you have engaged, are engaged, or at any time after admission were engaged in any activity to violate any law of the United States relating to espionage or sabotage or to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information.

7. I agree to waive my rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or

protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States. As part of this agreement, I specifically acknowledge and state that I have not been persecuted in, and have no present fear of persecution in, the People's Republic of China on account of my race, religion, nationality, membership in a particular social group, or political opinion. Similarly, I further acknowledge and state that I have not been tortured in, and have no present fear of torture in, the People's Republic of China.

8.    I hereby request that an order be issued by this Court for my removal to the People's Republic of China. I agree to accept a written order of removal as a final disposition of any immigration proceedings and waive any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

9.    I hereby agree to make the judicial order of removal a public document, waiving my privacy rights, including my privacy rights under 8 C.F.R. § 1208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of my criminal proceedings, including any sentence of incarceration, I shall be removed to the People's Republic of China.

**B.     Assistance in the Execution of Removal**

10.     I agree to assist ICE in the execution of my removal.  Specifically, I agree to assist ICE in the procurement of any travel or other documents necessary for my removal; to meet with and to cooperate with representatives of the country or countries to which my removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite my removal.  I further understand that my failure or refusal to assist ICE in the execution of my removal shall breach this plea agreement and I may be subjected to criminal penalties under Title 8, United States Code, Section 1253.

**C.     Re-entry and Penalties**

11.     I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States.  I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

6/4/20
Date

6/4/20
Date

JIELUN M SANG
Defendant's Signature

Attorney for the Defendant